IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APACHE CORPORATION | § § | |
| v. | § § | CIVIL ACTION NO. 4:14-cv-00237 |
| GREAT AMERICAN INSURANCE COMPANY | § § § | No. 15-20499 |

**AMENDED NOTICE OF APPEAL**

Notice is hereby given that Defendant Great American Insurance Company hereby amends its Notice of Appeal dated September 2, 2015 (Dkt. No. 27), and appeals to the United States Court of Appeals for the Fifth Circuit from: (1) the August 7, 2015 Memorandum and Order granting Plaintiff Apache Corporation's Motion for Summary Judgment and denying Defendant Great American Insurance Company's Motion for Summary Judgment (Dkt. No. 26); and (2) the Order and Final Judgment entered on December 22, 2015, to the extent same implements the August 7, 2015 Order and/or is otherwise adverse to Defendant. Copies of the foregoing Memorandum and Order and Order and Final Judgment from which Defendant Great American Insurance Company appeals are attached hereto as Exhibits "A," and "B," respectively.

As noted above, Great American Insurance Company has already filed a Notice of Appeal in this matter relating to the August 7, 2015 Memorandum and Order granting Plaintiff's Motion for Summary Judgment. The appeal has been

docketed *Apache Corporation v. Great American Insurance Co.*, 15-20499 (5th Cir.). Great American Insurance Company has already paid the docketing fee for this matter, by ECF online payment on September 2, 2015 in the amount of $505.00.

Dated:	Houston, Texas	Respectfully submitted,
	January 8, 2016

	s/ Martin S. Schexnayder
	Martin S. Schexnayder
	State Bar No. 17745610
	Federal Bar No. 15146
	Attorney-In-Charge
	Two Riverway, Suite 725
	Houston, Texas 77056
	Telephone: (713) 343-9200
	Facsimile: (713) 343-9201
	**ATTORNEYS FOR DEFENDANT**
	**GREAT AMERICAN**
	**INSURANCE COMPANY**

**OF COUNSEL:**
**Winget, Spadafora & Schwartzberg, LLP**
Two Riverway, Suite 725
Houston, Texas 77056
Telephone: 713-343-9200
Facsimile: 713-343-9201

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2016, I caused a true and correct copy of the above and foregoing **Amended Notice of Appeal** to be served on all counsel of record through the Court's ECF system.

	s/ Martin S. Schexnayder
	Martin S. Schexnayder

2

# EXHIBIT A

Case: 15-20499   Document: 00513340074   Page: 4   Date Filed: 01/12/2016
Case 4:14-cv-00237   Document 50-1   Filed in TXSD on 01/08/16   Page 2 of 8
Case 4:14-cv-00237   Document 26   Filed in TXSD on 08/07/15   Page 1 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APACHE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-237 |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court are the parties cross motions for summary judgment. Great American Insurance Company ("Defendant") filed Defendant's Motion for Summary Judgment (Doc. #14) on January 23, 2015. Apache Corporation (Plaintiff) then filed Plaintiff Apache Oil Corporation's Motion for Summary Judgement and Response to Defendant's Motion for Summary Judgment (Doc. #16) on February 2, 2015, to which Defendant filed a response (Doc. #17) on February 13, 2015. After considering the parties filings and oral arguments, Plaintiff's Motion for Summary Judgment is GRANTED, and Defendant's Motion for Summary Judgment is DENIED.

### I. Background

   *a. The Policy*

Plaintiff's purchased a Crime Protection Policy, policy number SAA 2687737 0900 ("the Policy") from Defendant which was effective from October 1, 2012 to October 1, 2013.[1] The Policy was an insurance policy meant to insure against several types of risk. One such category of risks the policy covered was "computer fraud." The computer fraud coverage was for $10

---

[1] The facts are detailed in Plaintiff and Defendant's Motions, Documents 16 and 14 respectively.

Case: 15-20499      Document: 00513340074      Page: 5      Date Filed: 01/12/2016
Case 4:14-cv-00237   Document 50-1   Filed in TXSD on 01/08/16   Page 3 of 8
Case 4:14-cv-00237   Document 26   Filed in TXSD on 08/07/15   Page 2 of 7

million in coverage above a $1 million deductible per occurrence. The Computer Fraud section, or Section B.5 of the Policy read as follows (emphasis added):

> 5. Computer Fraud
>
> We will pay for loss of, and loss from damage to, money, securities and other property ***resulting directly from*** the use of any computer to fraudulently cause a transfer of that property from inside the premises or banking premises:
>
> a) to a person (other than a messenger) outside those premises; or
>
> b) to a place outside those premises.

### b. Undisputed Facts

On March 27, 2013, Steph Fraser, an Apache North Seas accounts payable employee, received a call from an individual claiming to be Emily Hebditch. Ms. Hebditch was an employee of Petrofac Facilities Management Limited ("Petrofac"), a vendor who did work for Apache. The caller, allegedly Ms. Hebditch, requested that Petrofac be allowed to change its account information where payment is sent for services rendered.

Ms. Fraser informed "Ms. Hebditch" that such a request must come on Petrofac letterhead. So the caller hung up and thereafter, on or about April 2, 2013, Apache Accounts Payable received an email with an attachment on Petrofrac letterhead requesting the change in account information. The submission was routed to Muriel Kelman, an Apache employee, to verify the request. Ms. Kelman called the number on the letterhead to verify the information in the aforementioned email. As soon as this information had been verified, Ms. Kelman entered the change request on Apache's Sharepoint site where it was approved by Susan Grieg, the

2

Case: 15-20499   Document: 00513340074   Page: 6   Date Filed: 01/12/2016
Case 4:14-cv-00237   Document 50-1   Filed in TXSD on 01/08/16   Page 4 of 8
Case 4:14-cv-00237   Document 26   Filed in TXSD on 08/07/15   Page 3 of 7

Apache North Sea Financial Accounting Manager. Thereafter payments began to the "new" Petrofac account.

In total, $2.4 million were wrongly directed to the fraudulent account. Several months after the change, Plaintiff was contacted by Petrofac about several delinquent bills as it had not received any recent payments. This inquiry ultimately lead to an investigation that discovered the fraudulent activity. Plaintiff filed a claim under the Policy seeking $1.4 million in damages, the total loss minus the $1 million deductible.

## II. Summary Judgment

The inquiry for this Court is whether the fraudulent activity outlined above was covered by the Policy Plaintiff purchased from Defendant, specifically, did the loss to Apache result directly from computer fraud?

Summary judgment is proper only if the pleadings, depositions, answer to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Am. Home Assur. Co. v. Cat Tech L.L.C.*, 660 F.3d 216, 224 (5th Cir. 2011) (citing *Nat'l Union Fire Ins. Co. v. Pugent Plastics Corp.*, 532 F.3d 398, 404 (5th Cir. 2008)). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). Where both parties file motions for summary judgment, the Court evaluates each motion independently, construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Janvey v. Golf Channel*, 780 F.3d 641, 643 (5th Cir. 2015). Although the case is before the Court on cross-motions for summary judgment, genuine issues of material fact can

3

Case: 15-20499    Document: 00513340074    Page: 7    Date Filed: 01/12/2016
Case 4:14-cv-00237   Document 50-1   Filed in TXSD on 01/08/16   Page 5 of 8
Case 4:14-cv-00237   Document 26   Filed in TXSD on 08/07/15   Page 4 of 7

preclude summary judgment in favor of either party. *See Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 312 (5th Cir. 2010).

The parties agree that this issue is ripe for summary judgment. The material facts of the case outlined above are agreed upon by the parties so there are no material disputes. Thus, a legal determination is needed to decide whether the fraud in question is covered by the Policy.

**III.   Analysis**

　　a.   Choice of Law

Plaintiff filed this lawsuit in state court in Harris County, Texas. Defendant subsequently removed based on diversity jurisdiction. Because the Court's jurisdiction is based on diversity, state law applies. *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F3d 245, 260 (5th Cir. 2003).

　　b.   Summary of Law

The present case turns on the meaning of the phrase "loss . . . resulting directly from [computer fraud]."

A Court's primary concern when construing an insurance contract is to give effect to the intentions of the parties as expressed by the policy language. *Citibank Texas, N.A. v. Progressive Cas. Ins. Co.*, 2006 WL 3751301, at *3 (N.D. Tex. December 21, 2006) (overturned for other reasons) (citing *Ideal Lease Serv., Inc. v. Amoco Prod. Co.*, 662 S.W.2d 951, 953 (Tex. 1983)). The terms used in the policy are given their plain, ordinary meaning unless the policy itself shows that the parties intended the terms to have a different, technical meaning. *Id.* (citing *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984). Further, "[u]nder Texas law, the maxims of contract interpretation regarding insurance policies operate squarely in favor of the insured." *National American Ins. Co. v. Breaux*, 368 F.Supp.2d 604, 612 (E.D. Tex. Jan. 6, 2005)

4

Case: 15-20499   Document: 00513340074   Page: 8   Date Filed: 01/12/2016
Case 4:14-cv-00237   Document 50-1   Filed in TXSD on 01/08/16   Page 6 of 8
Case 4:14-cv-00237   Document 26   Filed in TXSD on 08/07/15   Page 5 of 7

(citing *Lubbock County Hosp. Dist. V. National Union Fire Ins. Co.*, 143 F.3d 239, 242 (5th Cir. 1998)); *see also National Union Fire Ins. Co. v. Kasler Corp.*, 906 F.2d 196, 198 (5th Cir. 1990).

The Fifth Circuit held in *First National Bank of Louisville v. Lustig*, "A loss is directly caused by the dishonest or fraudulent act within the meaning of [policy] where the [insured] can demonstrate that it would not have [disbursed the funds] in the absence of the fraud." 961 F.2d 1162 (5th Cir. 1992). The Fifth Circuit's holding as to meaning of "resulting directly from" here is synonymous to a "cause in fact." The Texas Supreme Court has held that a "cause in fact" is "established when the act or omission [in question] was a substantial factor in bringing about the injuries, and without it, the harm would not have occurred." *Transcontinental Ins. Co. v. Crump*, 330 S.W.3d 211, 221-23 (Tex. 2010).

c. Application

In the present case, Plaintiff argues that the fraudulent email sent by the fraudsters in this case was computer fraud and directly caused the fraudulent transfer of funds. Plaintiff argues that despite the intervening steps – the confirmation phone call and supervisor clearance – that took place after receiving the email, the fraudulent email was still a "substantial factor" in bringing about the injury. This Court agrees. These potentially intervening acts do not remove the loss from the protection afforded by the computer fraud coverage of the Policy. That is to say, despite the human involvement that followed the fraud, the loss still resulted directly from computer fraud, i.e. the email directing Apache to disburse payments to a fraudulent account.

As to the "human factor" steps that followed, one Northern District Court of Texas has reasoned, corporations can act "only through its human officers and employees." *Citibank Texas, N.A. v. Progressive Casualty Ins. Co.*, No. 3:06-cv-0395-H, 2006 WL 3751301, at *7 (N.D. Tex. Dec. 21, 2006) (overturned for other reasons). Just because there is human involvement between

Case: 15-20499    Document: 00513340074    Page: 9    Date Filed: 01/12/2016
Case 4:14-cv-00237   Document 50-1   Filed in TXSD on 01/08/16   Page 7 of 8
Case 4:14-cv-00237   Document 26   Filed in TXSD on 08/07/15   Page 6 of 7

the fraud and the loss does not necessarily mean the loss did not occur as a direct result of the fraud.

Defendant argues that because of the human intervention that took place between the fraudulent email that was received and the loss to Plaintiff, the language "resulting directly from" removes the loss in this case from coverage under the Policy. But as stated above, corporations can act only through its actors. To adopt Defendant's reading would be to limit the scope of the policy to the point of almost non-existence. That is, if anytime some employee interaction took place between the fraud and the loss, or anytime fraud was perpetrated anyway other than a direct "hacking," the insurance company could be relieved of paying under the Policy. Such a policy or provision would be rendered almost pointless. If Defendant had intended to cover only "hacking," the Policy could have been written in such a way to reflect this. However, the Policy as written is not that narrow.

Defendant argued during oral arguments that the position this Court is adopting, to not allow human intervention to cut the causation, is a slippery slope. The example used by Defendant was if a fraudulent email was sent to arrange a meeting at which fraud occurred, would the incident still be covered by a computer fraud policy similar to the one outlined above. The hypothetical, though not the facts of this case, raise the issue of at what point can the loss no longer be considered to have resulted directly from the fraudulent email.

The question is one of the quality or severity of the intervening acts. In the present case, it is this Court's determination that the intervening steps of the confirmation phone call and supervisory approval do not rise to the level of negating the email as being a "substantial factor" in bringing about the loss. *See Transcontinental*, 330 S.W.3d 221. The email was a cause in fact,

Case: 15-20499    Document: 00513340074    Page: 10    Date Filed: 01/12/2016
Case 4:14-cv-00237   Document 50-1   Filed in TXSD on 01/08/16   Page 8 of 8
Case 4:14-cv-00237   Document 26   Filed in TXSD on 08/07/15   Page 7 of 7

or "substantial factor," and according to the Fifth Circuit's holding in *First Nat. Bank of Louisville*, this is sufficient to allow coverage under the "directly resulted from" policy language.

### IV. Conclusion

This court holds that Plaintiff's loss resulted directly from computer fraud. Accordingly, Plaintiff's Motion for Summary Judgment is GRANTED and Defendant's Motion for Summary Judgement is DENIED.

It is so ORDERED.

AUG 0 7 2015
Date

_[signature]_

The Honorable Alfred H. Bennett
United States District Judge

# EXHIBIT B

Case: 15-20499    Document: 00513340074    Page: 12    Date Filed: 01/12/2016
Case 4:14-cv-00237   Document 50-2   Filed in TXSD on 01/08/16   Page 2 of 4
Case 4:14-cv-00237   Document 43   Filed in TXSD on 12/22/15   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 22, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APACHE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-00237 |
| | § | |
| GREAT AMERICAN INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

### ORDER

Before the Court is Plaintiff Apache Corporation's ("Apache") Motion for Entry of Judgment (Doc. #33), Defendant Great American Insurance Company's ("GAIC") Response (Doc. #35), and Plaintiff's Reply (Doc. #38). In addition, the Court has considered oral arguments presented at the hearing on December 18, 2015. Having considered the arguments and the applicable law, the court grants Plaintiff's motion in part and denies it in part.

**I.**

This case arose out of GAIC's refusal to pay under a fidelity insurance policy for a loss suffered by Apache due to computer fraud. The Court has already found that the loss was covered under the policy. Doc. #26. In this Motion for Entry of Judgment, the only dispute is whether Apache is entitled to statutory penalties at the rate of 18% per annum plus attorney's fees pursuant to the Texas Prompt Payment Act, Tex. Ins. Code § 542.060.

Under § 542.060, an insurer must pay an interest rate of 18% plus attorney's fees if it fails to pay a claim within certain timeframes. *Id.* But several types of insurance are exempted from the statute, including fidelity bonds:

(a) This subchapter does not apply to:

Case: 15-20499    Document: 00513340074    Page: 13    Date Filed: 01/12/2016
Case 4:14-cv-00237   Document 50-2   Filed in TXSD on 01/08/16   Page 3 of 4
Case 4:14-cv-00237   Document 43   Filed in TXSD on 12/22/15   Page 2 of 3

>    (1) workers' compensation insurance;
>    (2) mortgage guaranty insurance;
>    (3) title insurance;
>    (4) fidelity, surety, or guaranty bonds;
>    (5) marine insurance as defined by Section 1807.001; or
>    (6) a guaranty association created and operating under Chapter 2602.

*Id.* at § 542.053. Here, because the insurance policy at issue is a fidelity bond, it is exempt from the statute. Thus GAIC need not pay the statutory interest or attorney's fees.

Apache maintains that the exception does not apply here because this is a "fidelity insurance" policy, not a "fidelity bond." Apache attempts to draw a distinction between the two. The Court is not convinced. The terms "fidelity insurance" and "fidelity bond" are used interchangeably, and their plain meanings are the same. *See Empire Ins. Co. of S. D. v. Fid. & Deposit Co. of Md.*, 408 F.2d 72, 77 (5th Cir. 1969) ("The fidelity bond was an indemnity insurance contract."); *Fireman's Fund Indem. Co. v. Boyle Gen. Tire Co.*, 392 S.W.2d 352 (Tex. 1965) (using the term "fidelity bond" and "policy" interchangeably); *Magnolia Mgmt. Corp. v. Fed. Ins. Co.*, No. CIV. A. 06-0447, 2007 WL 4124496, at *2 (W.D. La. Nov. 19, 2007) ("Though the letter refers to 'the bond,' a fidelity bond similar to the coverage at issue here is essentially an insurance policy, and we will use the terms interchangeably for purposes of this ruling.") (footnote and citations omitted); Black's Law Dictionary (10th ed. 2014) (noting that a "fidelity bond" is "also termed fidelity guarantee [or] fidelity-guarantee insurance.").

Apache points out that the statute uses the term "fidelity, surety, or guaranty *bonds*" where other subsections of the statute refer to "*insurance*," suggesting that the legislature intended a distinction. Tex. Ins. Code § 542.053 (emphasis added). But the more likely explanation for the difference is that the legislature, like everyone else, used the two terms interchangeably. *See* 1 *Couch on Ins.* § 1:16 ("the courts generally use the terms 'fidelity bond' and 'fidelity insurance' without intending to differentiate one from the other, and, unless

Case: 15-20499    Document: 00513340074    Page: 14    Date Filed: 01/12/2016
Case 4:14-cv-00237   Document 50-2   Filed in TXSD on 01/08/16   Page 4 of 4
Case 4:14-cv-00237   Document 43   Filed in TXSD on 12/22/15   Page 3 of 3

otherwise indicated in some particular context, the terms are also so used in this text."). Accordingly, the Court will not grant Apache 18% interest or attorney's fees on its judgment.

**II.**

Pursuant to the Court's order of August 7, 2015 on Plaintiff Apache Corporation's Motion for Summary Judgment, it is hereby **ORDERED, ADJUDGED, and DECREED** that

(1) Plaintiff Apache Corporation have and recover from Defendant Great American Insurance Company the sum of $1,448,767.95 in actual damages ("Actual Damages"), and

(2) Plaintiff Apache Corporation have and recover from Defendant Great American Insurance Company, the sum of **$153,212.17** in accrued pre-judgment interest on Actual Damages calculated at the legal rate of 5% per year (simple interest) from November 10, 2013 (six months from May 10, 2013, the date Apache provided notice of its claim to Great American Insurance Company), **to December 21, 2015**, the day before judgment was entered.

IT IS FURTHER ORDERED that the total amount of the judgment here rendered will bear post-judgment interest at the legal rate of **0.69%** per year, compounded annually, from the date of this judgment through the date Defendant Great American Insurance Company submits payment in full to Apache Corporation. All writs and processes for the enforcement and collection of this judgment may issue as necessary. All relief requested in this case and not expressly granted is denied. This is a final judgment.

It is so ORDERED.

DEC 2 2 2015
Date

THE HONORABLE ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE